**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ALAN A. TOWNSEND,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**CASE NO. 2:11-CV-113
CRIM. NO. 2:08-CR-168(2)
JUDGE GRAHAM
MAGISTRATE JUDGE ABEL**

**OPINION AND ORDER**

On July 13, 2012, final judgment was entered dismissing the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the Court on Petitioner's August 24, 2012, *Notice of Appeal* (Doc. 140), which the Court construes as a request for a certificate of appealability. For the reasons that follow, Petitioner's request for a certificate of appealability (Doc. 140), is **DENIED**.

In this federal habeas corpus petition, Petitioner asserts that his guilty plea was not knowing, intelligent or voluntary, based on a breach of his guilty plea agreement; he also claims he was denied effective assistance of counsel because his attorney failed to object to or raise this same issue on appeal. Specifically, Petitioner argues that the terms of his plea agreement were violated because the District Court imposed a five-year term of supervised release when the plea agreement indicated he faced a maximum term of only three years supervised release. Petitioner asserts he was denied effective assistance of counsel because his attorney failed to object to a three-point enhancement of his sentence based on his 1996 conviction for attempted robbery and failed to advise him that he would be required to register as a sex offender under the terms of supervised release.

On July 13, 2012, the District Court dismissed Petitioner's claim regarding the alleged breach of his guilty plea agreement as waived due to his failure to establish cause and prejudice for failing to raise the claim on direct appeal, and his claim of ineffective assistance of counsel as lacking in merit.

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S. at 893 & n.4).

Where the Court dismissed a claim on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 85. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

Petitioner has failed to establish either that reasonable jurists would debate whether his claims should have been resolved differently, or whether the Court correctly dismissed his claim as

waived.

Petitioner's request for a certificate of appealability therefore is **DENIED.**

**IT IS SO ORDERED.**

Date: November 5, 2012            s/James L. Graham
                    James L. Graham
                    United States District Judge